## Case No. 12,895a.

### SINCLAIR v. McELMURRY.

. [Hempst. 28.] [1]

Superior Court, Territory of Arkansas. April. 1825.

#### APPEAL—NOTICE—DEFAULT.

Where an appeal is not taken on the day of trial, the opposite party is entitled to notice thereof, before a default can be taken against him.

Error to the Pulaski circuit court.

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. [Abraham] Sinclair, the plaintiff in error, sued out a warrant from a justice of the peace against McElmurry, the defendant in error, on an account amounting to twenty-eight dollars, and judgment was rendered by the justice in favor of Sinclair for that amount. Nine days after the rendition of the judgment, David McElmurry appealed to the circuit court, and it does not appear that notice of the appeal was ever served on Sinclair. At the succeeding term of the circuit court, Sinclair was called, and not appearing, judgment of nonsuit was entered against him, and to reverse which he prosecutes this writ of error.

We have no doubt that the court erred in entering judgment against Sinclair. The appeal was taken by McElmurry after the day of trial, and in such cases the law required that the appealing party should notify the opposite party of the appeal at least ten days before the next court authorized to try

---

[1] [Reported by Samuel H. Hempstead, Esq.]

the same. Geyer, Dig. 391. Here, notice of the appeal was not given to Sinclair, and without it he was not bound to appear. A judgment for a default can never be entered against a person who is not in default, and how could Sinclair be so considered until he was regularly and legally notified of the pendency of the appeal in the appellate court. As no notice was given, McElmurry, and not Sinclair, was in default. We are clearly of opinion that the judgment of the circuit court is erroneous, and must be reversed. Reversed.